## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

| | |
|---|---|
| **IAN KIRKPATRICK,** *On Behalf of Himself and All Others Similarly Situated*, | ) ) ) |
| **Plaintiff,** | ) ) Case No.: 5:20-cv-89-TBR ) |
| v. | ) ) |
| **MATHIS BATTERY COMPANY, INC.** d/b/a **PADUCAH BATTERY SUPPLY,** | ) **JURY DEMAND** ) ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, Ian Kirkpatrick, on behalf of himself and all others similarly situated, by and through his undersigned counsel, and states as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff Ian Kirkpatrick brings this action against Defendant Mathis Battery Company, Inc. doing business as Paducah Battery Supply for failure to pay its employees for all hours worked, for unpaid overtime compensation, and for related penalties and damages. Mr. Kirkpatrick alleges, on behalf of himself and all other similarly-situated hourly employees of Defendant, that Defendant failed and refused to pay him, and all others similarly situated, straight-time pay for all hours worked and failed and refused to pay him and all other similarly-situated hourly employees overtime pay for overtime worked.

2. Mr. Kirkpatrick also brings individual claims in this action for retaliation and for violation of the Emergency Paid Sick Leave Act of the Families First Coronavirus Response Act, 116 P.L. 127, § 5101 *et seq.*, 134 Stat. 178.

3. Defendant's pay practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Mr. Kirkpatrick seeks injunctive and declaratory relief; straight-time premiums for all hours worked and not compensated; overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

4. Defendant's practice and policy is, and for the past three years has been, to willfully fail to compensate Mr. Kirkpatrick and all other similarly-situated employees for all hours worked while employed by Defendant and to willfully fail and refuse to pay overtime compensation due and owing to Mr. Kirkpatrick and all other similarly-situated employees in violation of the FLSA. Defendant has instituted and carried out an unlawful policy and practice of refusing to pay all such employees for all time worked and refusing to pay all such employees overtime for all hours worked in the work week over forty, notwithstanding that each hourly employee is entitled to overtime pay under the FLSA.

5. Currently and for the last three years, Defendant's employees have worked hours for which they have not been paid and have worked overtime hours.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Mr. Kirkpatrick's claims pursuant to the FLSA, 29 U.S.C. § 201, *et seq*., and the Emergency Paid Sick Leave Act of the Families First Coronavirus Response Act, 116 P.L. 127, § 5101 *et seq*., 134 Stat. 178, because they raise federal questions pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts

business and employed Mr. Kirkpatrick in McCracken County, Kentucky, which is located within this judicial district.

## PARTIES

**A.    Plaintiffs**

*Named Plaintiff*

8.     Plaintiff Ian Kirkpatrick is a resident of Calvert City, Marshall County, Kentucky. Defendant employed Mr. Kirkpatrick as a Battery Specialist from 2014 until his termination in April 2020. During his employment with Defendant, Mr. Kirkpatrick regularly worked periods of time for which he was not compensated and regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by federal law.

9.     At all relevant times, Mr. Kirkpatrick was an employee of Defendant for FLSA purposes.

*Representative Action Members*

10.    The putative members of the representative action are those current and former employees of Defendant who are similarly situated to Mr. Kirkpatrick who were suffered or permitted to work by Defendant and not paid their regular or statutorily required rate of pay for all hours worked as well as those current and former employees of Defendant who are similarly situated to Mr. Kirkpatrick who worked in excess of forty hours in one or more work weeks but were not paid overtime at the statutory rate.

**B.    Defendant**

11.    Defendant Mathis Battery Company, Inc. is a Tennessee corporation doing business as Paducah Battery Supply. Its principal office is located at 670 Pikeview Street, Dresden, TN

38225. Its registered agent for service of process is Paducah Auto & Truck, which may be served at 130 County Park Road, Paducah, KY 42001.

12. Defendant employs or employed Mr. Kirkpatrick and the putative members of the representative action.

## REPRESENTATIVE ACTION ALLEGATIONS

13. Mr. Kirkpatrick brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant in hourly labor within three years from the commencement of this action who have not been compensated for all hours worked and/or who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

14. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for the wage claim asserted by Plaintiff Ian Kirkpatrick, the Representative Plaintiff, because Mr. Kirkpatrick's claim is similar to the claims of the putative plaintiffs of the representative action.

15. Mr. Kirkpatrick is similarly situated to the putative plaintiffs working as Battery Specialists for Defendant, has substantially similar job requirements and pay provisions, and was subject to Defendant's common practice, policy, or plan of refusing to pay employees for all hours worked and of refusing to pay overtime in violation of the FLSA.

16. The names and addresses of the putative members of the representative action are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## FACTUAL BACKGROUND

17. Defendant sells batteries for various types of motorized vehicles.

18. Defendant hired Mr. Kirkpatrick in 2014 as a Battery Specialist.

19. Mr. Kirkpatrick assisted customers, installed batteries, stocked shelves, loaded trucks, made deliveries, and rebuilt powertool battery packs.

20. Defendant never had the required Fair Labor Standards Act poster displayed in the workplace.

21. Defendant automatically deducted one hour from the paychecks of Mr. Kirkpatrick and his coworkers for a lunch period during each work shift.

22. Mr. Kirkpatrick and his coworkers almost never got to take an uninterrupted lunch break.

23. Mr. Kirkpatrick and his coworkers typically had their lunch periods interrupted to answer phone calls, assist customers, or install batteries.

24. These interruptions amounted to more than *de minimis* amounts of time.

25. On some occasions, Defendant's owner came to the store and announced that he was buying lunch so everyone could work during their lunch break.

26. Defendant did not track work time performed during the lunch period or compensate Mr. Kirkpatrick or his coworkers for such work time.

27. On or about March 10, 2020, Mr. Kirkpatrick filed a complaint with the Kentucky Labor Cabinet, which sent a letter to Defendant on or about March 24, 2020.

28. On or about March 26, 2020, Mr. Kirkpatrick filed a complaint with the Wage and Hour Division of the Department of Labor.

29. Management directed and/or was aware of employees engaging in this off-the-clock work.

30. Management was aware that employees did not get compensated for all time worked.

31. Further, as a result of this off-the-clock work time, Mr. Kirkpatrick as well as other employees worked in excess of forty hours in various work weeks for which they were not paid overtime at the statutory rate.

32. Previously, on March 6, 2020, Governor Andy Beshear issued an Executive Order declaring a State of Emergency due to the COVID-19 novel coronavirus pandemic and thereafter entered additional Executive Orders closing non-life-sustaining business and requiring essential businesses to operate in accordance with the social distancing guidelines issued by the federal Centers for Disease Control and Prevention.

33. The President's Coronavirus Guidelines for America drafted by the CDC provide that persons "with a serious underlying health condition that can put you at increased risk" for contracting the virus should not go to work and should stay at home and away from other people.

34. Governor Beshear issued another Executive Order permitting individuals at risk or otherwise reasonably fearful of contracting the virus in their workplace to collect unemployment benefits in order to slow the spread of the disease.

35. Mr. Kirkpatrick suffered from medical conditions that made him high risk for contracting a contagious disease.

36. When Mr. Kirkpatrick expressed concern to his manager, however, the manager stated that the virus would only affect elderly people and not a younger person like him.

37. Nevertheless, Defendant's owner sent a group text message stating that the recipients could stay home if they felt unsafe working.

38. Mr. Kirkpatrick availed himself of that opportunity.

39. Once Mr. Kirkpatrick had exhausted his accrued leave, Mr. Kirkpatrick notified Defendant's owner that he would follow the executive order permitting him to take unemployment until the government deemed it safe for at-risk individuals to return to work.

40. Defendant's owner responded by setting out steps the company would take to comply with guidance from state and federal health authorities to provide a safe environment but then stated that he would consider Mr. Kirkpatrick to have quit without giving Mr. Kirkpatrick any opportunity to evaluate the safety of working with the claimed new cleaning procedures.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

### (Mr. Kirkpatrick and All Similarly-Situated Employees)

41. Mr. Kirkpatrick, on behalf of himself and all similarly-situated employees of Defendant, realleges and incorporates herein the allegations contained in Paragraphs 1 through 40 as if they were set forth fully herein.

42. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Mr. Kirkpatrick. At all times, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

43. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked at an hourly rate and to compensate all non-exempt

employees at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

44. Mr. Kirkpatrick and the putative members of the FLSA representative action were not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA but were, instead, entitled to be paid compensation for all hours worked and entitled to be paid overtime compensation for all overtime hours worked.

45. As a result of Defendant's failure to compensate its Battery Specialists, including Mr. Kirkpatrick and all similarly-situated employees, for all hours worked and its failure to compensate them at a rate of not less than one-and-one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant violated the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

46. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## COUNT II

## RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

### (Mr. Kirkpatrick Only)

47. Mr. Kirkpatrick realleges and incorporates herein the allegations contained in Paragraphs 1 through 46 as if they were set forth fully herein.

48. Mr. Kirkpatrick complained to Defendant and to proper authorities about Defendant's illegal refusal to pay for all work time after the workday had begun.

49. Defendant terminated Mr. Kirkpatrick because of his complaints about Defendant's illegal pay practices.

50. As a direct and proximate result of Defendant's retaliation against Mr. Kirkpatrick in violation of the Fair Labor Standards Act, Mr. Kirkpatrick was injured and suffered damages.

## COUNT III

## VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT

### (Mr. Kirkpatrick Only)

51. Mr. Kirkpatrick realleges and incorporates herein the allegations contained in Paragraphs 1 through 50 as if they were set forth fully herein.

52. Defendant employed fewer than 500 employees at its Paducah location.

53. Mr. Kirkpatrick had worked for Defendant for more than thirty days.

54. Defendant did not provide Mr. Kirkpatrick with paid sick leave pursuant to the Emergency Paid Sick Leave Act.

55. Defendant's violation of the Emergency Paid Sick Leave Act was willful and knowingly committed.

56. As a direct and proximate result of Defendant's violation of the Emergency Paid Sick Leave Act, Mr. Kirkpatrick was injured and suffered damages.

57. Mr. Kirkpatrick was required to take unnecessary time off work, resulting in a loss of back pay, benefits, incidental expenses, and front pay.

## COUNT III

## RETALIATION IN VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT

### (Mr. Kirkpatrick Only)

58. Mr. Kirkpatrick realleges and incorporates herein the allegations contained in Paragraphs 1 through 57 as if they were set forth fully herein.

59. Defendant terminated Mr. Kirkpatrick because of his statement of intention to take time off for his medical condition that made him susceptible to acquiring COVID-19 in violation of the Emergency Paid Sick Leave Act, 116 P.L. 127, § 5104(1), 134 Stat. 178.

60. Defendant's violation of the Emergency Paid Sick Leave Act was willful and knowingly committed.

61. As a direct and proximate result of Defendant's violation of the Emergency Paid Sick Leave Act, Mr. Kirkpatrick was injured and suffered damages.

62. Mr. Kirkpatrick lost back pay, benefits, incidental expenses, and front pay due to Defendant's retaliatory termination.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Kirkpatrick, on behalf of himself and all proposed members of the FLSA representative action, pray for relief as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to 29 U.S.C. § 216(b) pursuant to Count I;

4. Designation of Plaintiff Ian Kirkpatrick as Representative Plaintiff of the putative members of the FLSA representative action pursuant to Count I;

5. A declaratory judgment that the practices complained of herein are unlawful under the FLSA pursuant to Count I;

6. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in the unlawful practice, policy, and pattern set forth in Count I;

7. That, upon the trial of this matter, Plaintiffs be awarded judgment for damages of the lost compensation they suffered from the date of Defendant's illegal actions, in an amount to be proven at trial, pursuant to Counts I – IV;

8. An award of damages, including liquidated damages, to be paid by Defendant pursuant to 29 U.S.C. § 216(b) pursuant to Counts I – II;

9. An award of damages, including liquidated damages, to be paid by Defendant pursuant to 29 U.S.C. § 216(b) as incorporated into the Emergency Paid Sick Leave Act via 116 P.L. 127, § 5105, 134 Stat. 178 pursuant to Counts III – IV;

10. Costs and expenses of this action incurred herein, including reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b);

11. Pre-Judgment and Post-Judgment interest, as provided by law; and

12. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully submitted,

s/ D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
TN BPR # 021714
IL ARDC 6322019

Sullenger Law Office, PLLC
629 Washington Street
Paducah, KY 42003
Voice: (270) 443-9401

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Ian Kirkpatrick and Cody Sheeks*